# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE, a minor, through her parents and legal guardians, JILL DOE and JACK DOE,<br><br>*Plaintiff*,<br>v.<br><br>AI/ROBOTICS VENTURE STRATEGY 3 LTD. d/b/a CLOTHOFF, ALAIKSANDR BABICHAU, and DASHA BABICHEVA,<br><br>*Defendants,*<br><br>TELEGRAM GROUP INC. and TELEGRAM MESSENGER INC.,<br><br>*Nominal Defendants*. | Case No. _____<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM** |

Pursuant to the Third Circuit's '*Megless* factors,' Federal Rule of Civil Procedure 26(c) and 15 U.S.C. § 6851(b)(3)(B), Plaintiff, Jane Doe, by and through her parents and legal guardians, Jill Doe and Jack Doe, submits this Memorandum of Law in support of her Motion to Proceed Under Pseudonym. Jane Doe, a 17-year-old girl, seeks to proceed under a pseudonym in this action to protect her safety and because her anonymity is necessary and appropriate to prevent her from continuing to be exploited, abused, harmed, and victimized by the child sexual abuse material ("**CSAM**") and nonconsensual intimate images ("**NCII**") that Defendants[1] are responsible for producing, disclosing, and selling through "ClothOff"—a network of website and apps that use artificial intelligence ("AI") to generate nonconsensual pornography of women and girls without their consent.

---

[1] Defendants, as described here, do not include nominal Defendants Telegram Group Inc. and Telegram Messenger Inc.

**BACKGROUND**

This action seeks to hold Defendants accountable for their criminal and tortious operation of ClothOff, an online platform that uses AI technology to "undress" people without their consent. One of Jane Doe's classmates (also a minor) used ClothOff to obtain and disseminate CSAM of Jane Doe (and others). This never would have happened if Defendants had not created, promoted, and allowed others to access and use ClothOff. Jane Doe asserts claims under the Violence Against Women Reauthorization Act (15 U.S.C. § 6851), the Federal Child Pornography and Abuse Statutes (18 U.S.C. § 2255), New Jersey's civil remedies for child pornography statute (N.J.S.A. 2A:30B-3), New Jersey's Products Liability Act (N.J.S.A. 2A:58C-2), and the common law.

This Court previously granted Plaintiff's motion to proceed pseudonymously in a related case filed by Doe against the classmate that used ClothOff. *See* Letter Order, *Doe v. Smith*, No. 2:24-cv-00634 (D.N.J. Feb. 27, 2024), ECF No. 30; *see also* Plaintiff's Memorandum of Law in Support of Motion, *Doe v. Smith*, No. 2:24-cv-00634 (D.N.J. Feb. 2, 2024), ECF No. 4. The same grounds justify an order allowing Jane Doe to proceed under a pseudonym in this action.

**LEGAL STANDARD**

In the Third Circuit, courts allow a party to proceed pseudonymously where they demonstrate "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citing *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010)). The Third Circuit has adopted a multi-factor balancing test to determine whether a party may proceed pseudonymously or anonymously, based upon a "fact-specific, case-by-case analysis." *Doe v. Coll. of New Jersey*, 997 F.3d 489, 495 (3d Cir. 2021). The *Megless* factors weighing in favor of permitting a party to proceed pseudonymously include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409. The factors weighing against permitting a party to proceed pseudonymously include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*

These lists are not comprehensive, and courts are "required to consider those [other] factors which the facts of the particular case implicate." *Id.* "The decision to allow a plaintiff to proceed anonymously rests within the sound discretion of the court." *Doe v. Oshrin*, 299 F.R.D. 100, 103 (D.N.J. 2014); *Doe v. Lund's Fisheries, Inc.*, No. 20-11306, 2020 WL 6749972, *2 (D.N.J. Nov. 17, 2020) (same).

## ARGUMENT

### I. THE *MEGLESS* FACTORS WEIGH IN FAVOR OF PERMITTING DOE TO PROCEED PSEUDONYMOUSLY

The balance of the *Megless* factors weigh heavily in favor of permitting Plaintiff to proceed pseudonymously in this case.

3

First, Jane Doe has maintained her pseudonymity to date, thanks to the Court's prior order in Doe's related case. *See* Letter Order, *Doe v. Smith*, No. 2:24-cv-00634 (D.N.J. Feb. 27, 2024), ECF No. 30; *see also Doe v. Lund's Fisheries, Inc.*, No. 20-11306, 2020 WL 6749972, *2 (D.N.J. Nov. 17, 2020).

Second, clearly defined and serious injuries would result absent an order protecting Jane Doe's identity: disclosure of the identities of a minor victim of CSAM; exacerbation of the harms this action seeks to prevent; exposure of the Plaintiff to harassment and threats; and the potential dissemination of child pornography. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786–87 (3d Cir. 1994). The nude images Defendants created and disseminated are illegal, "morphed" pornography. *See U.S. v. Hotaling*, 634 F.3d 725, 728–30 (2d Cir. 2011); *U.S. v. Anderson*, 759 F.3d 891, 894–95 (8th Cir. 2014); *U.S. v. Acheson*, 195 F.3d 645, 650–52 (11th Cir. 1999); *Doe v. Boland*, 698 F.3d 877, 881–84 (6th Cir. 2012); *U.S. v. Mecham*, 950 F.3d 257, 264–65 (5th Cir. 2020); *U.S. v. Payne*, 394 F. App'x 891, 896 (3d Cir. 2010) (nonprecedential). Distribution of these types of morphed images causes serious harm. *See Boland*, 698 F.3d at 884; *see* Kate Kobriger et al., *Out of Our Depth with Deep Fakes: How the Law Fails Victims of Deep Fake Nonconsensual Pornography*, 28 Rich. J.L. & Tech. 204, 224–26 (2021). As explained in *Hotaling*, *Anderson*, and *Acheson*, the harm nonconsensual and child pornography inflicts on its victims is lasting, perpetual, and monumental. *Hotaling*, 634 F.3d at 728–30; *Anderson*, 759 F.3d at 894-895; *Acheson*, 195 F.3d at 650–52. Victims are harmed not only by its creation but are "also haunted for years by the knowledge of its continued circulation." *Hotaling*, 634 F.3d at 729. Because these nonconsensual images create "a lasting record," their subjects are "victimized every time the picture is displayed." *Anderson*, 759 F.3d at 895–96 (citation omitted). "[M]orphed images' continued existence causes . . . child victims continuing harm by haunting the children for

4

years to come." *Id*. These injuries are not speculative. *Hotaling*, 634 F.3d at 728–30 (discussing the physiological, reputational, and emotional harms of the distribution of morphed images sufficing as child pornography); *Anderson*, 759 F.3d at 894–95 (same); *Acheson*, 195 F.3d at 650–52 (same). Targets are "victimized every time the picture is displayed." *Anderson*, 759 F.3d at 895–96 (citation omitted). Disclosing Jane Does's name through litigation will exacerbate the harms she has already suffered by forever tying her name to the CSAM Defendants produced and distributed .

The third and fifth factors also weigh in favor of permitting Doe to proceed pseudonymously. The nude images of Doe are not protected "virtual pornography," but unprotected CSAM. *See Payne*, 394 F. App'x at 896. The public interest in this case falls heavily on the side of empowering victims like Doe to pursue relief against perpetrators, both to protect Doe and to prevent perpetrators from victimizing other children. Requiring individuals like Doe to disclose their names to pursue relief undercuts that interest, harming Doe and disincentivizing Doe and others from attempting to prevent future harm in cases such as this one. For precisely these reasons, 15 U.S.C. § 6851(b)(3)(B) expressly recognizes a plaintiff's right to proceed under a pseudonym in an action brought under the statute. Several courts have used the statute as a basis for doing so. *See Doe v. Sultan*, No. 3:23-cv-00667, 2023 WL 7027976, at *2 (W.D.N.C. Oct. 25, 2023); *Doe v. Willis*, No. 1:23-cv-02171, 2023 WL 6907100 (D. Colo. Sep. 22, 2023); *Doe v. Unknown Party*, No. 1:23-cv-02171, 2024 WL 492231, * 3–4 (D. Ariz. Feb. 7, 2024). Independently, this District has recognized the appropriateness of allowing anonymity in cases involving child pornography. *Doe v. Orshin*, 299 F.R.D. 100 (D.N.J. 2014).

As to the fourth factor, in a case like this, there is significant public interest in the identity of the defendant—the entity or individual involved in the production of CSAM. In contrast, the

5

public does not need to know the identity of the particular victimized plaintiff to understand the contours of the dispute, the nature of the claim, or the equities at play.

The sixth factor also cuts in Doe's favor, as she possesses no ulterior motive in seeking to shield her identity. Jane Doe merely wants to protect her identity given the severe harm she has experienced in having nude images in her likeness disseminated without her consent.

On the other side of the scale, there is little weighing against permitting Doe to proceed pseudonymously. As noted above, while there is significant public interest in knowing the identity of a defendant in a case like this, there is no unique public interest in refusing Jane Doe pseudonymity. Revealing Jane Doe's name will only exacerbate the harm she has already suffered, as well as provide Defendants with her identity and potentially place her at risk of further harassment and retaliation. Nor is Jane Doe a public official or public figure, and there is currently no opposition to pseudonym by counsel, the public, or the press.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests an Order permitting Doe and Doe's parents to proceed under a pseudonym in this action and prohibiting Defendants from disclosing Jane Doe's identity and the identities of her immediate family members.

Dated: October 14, 2025                Respectfully submitted,

                                          */s/ John Langford*
                                          Brina Harden, *law student*
                                          Jeanica Geneus, *law student*
                                          Dara Gold, *law student*
                                          Tobin Raju*
                                          John Langford*
                                          MEDIA FREEDOM & INFORMATION
                                              ACCESS CLINIC
                                          Yale Law School
                                          127 Wall Street
                                          New Haven, CT 06511

(203) 432-2366
John.langford@ylsclinics.org

*Co-Lead Counsel for Plaintiff*
*\* Pro Hac Vice Applications Forthcoming*

*/s/  Shane B. Vogt*
Shane B. Vogt – FBN 257620*
Email: shane@svogtlaw.com
VOGT LAW
625 E. Twiggs St., Suite 1090
Tampa, Florida 33602
Tel: (813) 737-0717

*Co-Lead Counsel for Plaintiff*
*\* Pro Hac Vice Applications Forthcoming*

*/s/ John Gulyas*
Jon-Henry Barr, Esq.
(Atty. ID #001561996)
Email: jhbarr@barrgulyas.com
John Gulyas (Atty ID # 023281999)
Email: jgulyas@barrgulyas.com
BARR & GULYAS, L.L.C.
21 Brant Avenue
Clark, New Jersey 07066
(732) 340-0600

*Local Counsel for Plaintiff*

7