**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JANE DOE, a minor, through her parents and legal guardians, JILL DOE and JACK DOE, <br><br> *Plaintiff*, <br><br>    v. <br><br> AI/ROBOTICS VENTURE STRATEGY 3 LTD., d/b/a CLOTHOFF, ALAIKSANDR BABICHAU, and DASHA BABICHEVA, <br><br> *Defendants*, <br><br> TELEGRAM GROUP INC. and TELEGRAM MESSENGER INC., <br><br> *Nominal Defendants.* | Case No. 2:25-cv-16671-ES-JBC |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO SERVE DEFENDANT AI/ROBOTICS VENTURE STRATEGY 3 LTD. d/b/a CLOTHOFF VIA EMAIL**

Hawthorne Ripley, *Law Student Intern*
John Langford*
MEDIA FREEDOM & INFORMATION
   ACCESS CLINIC
YALE LAW SCHOOL
127 Wall Street
New Haven, CT 06511
(203) 432-2366
john.langford@ylsclinics.org

Jon-Henry Barr, Esq.
(Atty. ID #001561996)
jhbarr@barrgulyas.com
John Gulyas (Atty ID # 023281999)
jgulyas@barrgulyas.com
BARR & GULYAS LLC
21 Brant Avenue
Clark, New Jersey 07066
(732) 340-0600

Shane B. Vogt – FBN 257620*
*Pro Hac Vice*
shane@svogtlaw.com
VOGT LAW
625 E. Twiggs St., Suite 1090
Tampa, Florida 33602
(813) 737-0717

*Counsel for Plaintiff*
**Pro hac vice* application pending

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................... iv

INTRODUCTION ..................................................................................................................1

FACTUAL BACKGROUND...................................................................................................2

    A. Jane Doe's Classmates Use ClothOff to Create and Distribute CSAM
    Depicting Doe..........................................................................................................2

    B. ClothOff Learned of this Lawsuit No Later than October 22, 2025....................................3

    C. Plaintiff's Efforts to Serve Defendants by Traditional Means Under the
    Hague Convention .....................................................................................................4

        1. Defendants Alaiksandr Babichau and Dasha Babicheva...............................................4

        2. Defendant ClothOff .........................................................................................5

    D. ClothOff Monitors and Responds to At Least Two Email Addresses...............................6

    1. Support Inquiries Email Address.......................................................................7

    2. Cooperation Inquiries Email Address................................................................7

    3. Legal Inquiries Email Address ........................................................................7

    4. Press Inquiries Email Address .........................................................................8

LEGAL STANDARD ..........................................................................................................8

ARGUMENT.......................................................................................................................9

    I. The Court Can and Should Permit Plaintiff to Serve Defendant Clothoff via
    Email Under Federal Rule of Civil Procedure 4(f)(1), Should the Hague
    Convention Apply................................................................................................9

    II. If the Hague Convention Does Not Apply, the Court Can and Should Permit
    Plaintiff to Serve Clothoff via Email Pursuant to Federal Rule of Civil
    Procedure 4(f)(3) ...............................................................................................12

        A. No International Agreement Prohibits Service Via Email .........................................13

        B. Defendant ClothOff Is Already on Notice of this Suit, and Service Via
        Email Is Reasonably Calculated to Provide ClothOff Still Further
        Notice.............................................................................................................13

C.  Plaintiff Has Made Diligent Good Faith Attempts to Effectuate Traditional Service ........................................................................................ 15

CONCLUSION .......................................................................................................... 20

**TABLE OF AUTHORITIES**

**Cases**

*Agha v. Jacobs*,
No. 07-1800, 2008 WL 2051061 (N.D. Cal. May 13, 2008) .......................................12

*Braverman Kaskey, P.C. v. Toidze*,
599 F. App'x 448 (3d Cir. 2015) .......................................................................15

*Celgene Corp. v. Blanche Ltd.*,
No. 16-00501, 2017 WL 1282200 (D.N.J. Mar. 10, 2017) .......................................9, 10, 18, 19

*Chanel, Inc. v. Xu*,
No. 09–cv-2610, 2010 WL 396357 (W.D. Tenn. Jan. 27, 2010) ...............................18

*Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*,
No. 25-13065, 2026 WL 1802901 (N.D. Ill. June 23, 2026) .....................................13

*Doe v. Hyassat*,
342 F.R.D. 53 (S.D.N.Y. 2022) ........................................................................9

*Dolce Vita Fine Dining Co. Ltd. v. Zhang Lan*,
No. 19-00536, 2020 WL 7321366 (S.D.N.Y. Dec. 11, 2020).....................................16

*Dongguan Naquan E-Com. Co. v. Binovo Mfg. Co.*,
350 F.R.D. 648 (W.D. Wash. 2025) ....................................................................13

*Elobied v. Baylock*,
299 F.R.D. 105 (E.D. Pa. 2014) ........................................................................14

*EOI Corp. v. Med. Mktg. Ltd.*,
172 F.R.D. 133 (D.N.J. 1997) ........................................................................11, 14

*Genus Lifesciences Inc. v. Tapaysa Eng'g Works Pvt. Ltd.*,
No. 20-3865, 2021 WL 915662 (E.D. Pa. Mar. 10, 2021) .......................................12

*GLG Life Tech Corp. Sec. Litig.*,
287 F.R.D. 262 (S.D.N.Y. 2012).......................................................................20

*Grange Ins. Co.*,
No. 21-11928, 2022 WL 855694 (D.N.J. Mar. 23, 2022) .......................................17

*Hayward Indus., Inc. v. CompuPool Prods.*,
No. 22-7330, 2023 WL 3736216 (D.N.J. May 31, 2023) .......................................12

*Karcz v. El Mezouak*,
No. 26-1470, 2026 WL 496476 (D.N.J. Feb. 23, 2026) ...............................................18

*Luxottica Grp. S.p.A. v. P'ships and Unincorporated Ass'ns Identified on Schedule "A"*,
391 F. Supp. 3d 816 (N.D. Ill. 2019) ..........................................................................14

*Menon v. Corbett*,
No. 21-8384, 2023 WL 4946972 (D.N.J. Aug. 3, 2023) ..............................................17

*Mullane v. Central Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) ....................................................................................................17

*Richardson v. Att'y Gen. of the Brit. Virgin Islands*,
No. 08-144, 2010 WL 2949438 (D.V.I. July 23, 2010) ...............................................15

*Rio Properties, Inc. v. Rio Intern. Interlink*,
284 F.3d 1007 (9th Cir. 2002) ....................................................................................17

*RJ Brands, LLC v. Hangdong Trading Ltd.*,
No. 21-4747, 2021 WL 3206813 (D.N.J. July 28, 2021) ..........................................9, 16
..........................................................................................................................................

*Sec. & Exch. Comm'n v. Dubovoy*,
No. 156076, 2019 WL 13039934 (D.N.J. Apr. 29, 2019) ............................................19

*Sec. & Exch. Comm'n v. Lahr*,
No. 22-2497, 2024 WL 3518309 (3d Cir. July 24, 2024) ............................................12

*U.S. Sec. & Exch. Comm'n v. Secure Cap. Funding Corp.*,
No. CV 11-0916 (AET), 2011 WL 13143141 (D.N.J. Aug. 3, 2011) ...........................18

*U.S. Sec. & Exch. Comm'n v. Vuuzle Media Corp.*,
No. 21-1226, 2021 WL 1731947 (D.N.J. May 3, 2021) ..........................................17, 18

*Vanderhoef v. China Auto Logistics Inc.*,
No. 218-10174, 2019 WL 6337908 (D.N.J. Nov. 26, 2019) .........................................19

*Vaswani, Inc. v. Manjunathamurthy*,
No. 20-20288, 2021 WL 1541071 (D.N.J. Apr. 19, 2021) ......................................12, 16

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
486 U.S. 694 (1988) ......................................................................................................9

*Water Splash, Inc. v. Menon*,
581 U.S. 271 (2017) .....................................................................................................12

**Rules**

Federal Rule Civil Procedure 4(f) ..................................................................................................9

Federal Rule of Civil Procedure 4(f)(1) .....................................................................................15

Federal Rule of Civil Procedure 4(f)(3) .....................................................................................15

Rule 5.12 of the Civil Procedure Rules of the Eastern Caribbean Supreme Court .......................17

Rule 5.7 of the Civil Procedure Rules of the Eastern Caribbean Supreme Court ........................16

**Other Authorities**

Fed. R. Civ. P. 4(f) Advisory Committee Notes...........................................................................9

Hague Conference on Private International Law, *Declaration/Reservation/Notification: United Kingdom*, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=427&disp=resdn (last visited July 6, 2026) ................................10, 14

Hague Conference on Private International Law, *Declaration/Reservation/Notification: United States*, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=428&disp=resdn (last visited July 6, 2026) ................................11, 14

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ..................................................................................................................10, 11, 12, 15

HCCH, *Conclusions & Recommendations of the Special Commission on the Practical Operation of the 1965 Service, 1970 Evidence and 1980 Access to Justice Conventions* ¶ 105 (July 2–5, 2024), https://assets.hcch.net/docs/6aef5b3a-a02c-408f-8277-8c995d56f255.pdf ..............................13

## INTRODUCTION

Through this motion, Plaintiff seeks leave to serve Defendant AI/Robotics Venture Strategy 3 Ltd. d/b/a ClothOff ("ClothOff") by email.

Plaintiff, Jane Doe, is one of many victims to fall prey to ClothOff's predatory network of websites and apps. ClothOff uses artificial intelligence ("AI") to produce, disclose, and sell nonconsensual, sexually explicit images of identifiable children and adults. Foreseeably, and as Defendants intended, the use of ClothOff has run rampant in the United States, including among teenagers and students who use ClothOff to obtain Child Sexual Abuse Material ("CSAM") and Non-Consensual Intimate Images ("NCII") of minor classmates, teachers, celebrities, and countless others. In late 2023, a group of Plaintiff's high school classmates obtained and shared CSAM depicting Jane Doe and other students nude using ClothOff.

Plaintiff filed this action in October 2025 to put a stop to ClothOff's predatory business in the United States. ClothOff learned of the suit almost immediately. The week after Plaintiff filed her complaint, ClothOff provided a statement to Fox News acknowledging the suit and defending its actions.

Yet, despite months of diligent effort, Plaintiff has been unable to serve any of the Defendants in this case. When Plaintiff filed this suit, ClothOff listed its corporate entity as AI/Robotics Venture Strategy 3 Ltd., an organization incorporated in the British Virgin Islands ("BVI"). At that time, Plaintiff had reason to believe that Defendants Babichau and Babicheva—the brother and sister who reportedly own and operate ClothOff—resided in Belarus. Through the fall, winter, and spring, Plaintiff worked to serve all Defendants via the BVI and Belarus's designated Central Authorities pursuant to Federal Rule of Civil Procedure 4(f)(1) and the Hague Convention. Plaintiff has now learned that neither the BVI Central Authority nor the Belarusian Central Authority was able to serve any of the Defendants. In the meantime, ClothOff has ceased

listing AI/Robotics Venture Strategy 3 Ltd. as its corporate entity, swapping it out with what appears to be an entirely fictious company.

Over the last month, Plaintiff has definitively confirmed that ClothOff maintains and responds to two email addresses. Plaintiff accordingly moves for leave to serve ClothOff via those email addresses, as well as by emailing the other addresses currently listed on its website and by emailing the registered agent for AI/Robotics Venture Strategy 3 Ltd. Importantly, email service is permissible, regardless of whether AI/Robotics Venture Strategy 3 Ltd. is in fact ClothOff. If it is, the Hague Convention itself permits service via email; if it is not, the Hague Convention does not apply and service via email is appropriate under Federal Rule of Civil Procedure 4(f)(3). Either way, this Court can and should put a stop to Defendants' gamesmanship by permitting Plaintiff to serve ClothOff via email.

<strong>FACTUAL BACKGROUND</strong>

### A. Jane Doe's Classmates Use ClothOff to Create and Distribute CSAM Depicting Doe

Through no fault of her own, Plaintiff Jane Doe fell prey to Defendants' predatory business in the fall of 2023, when a group of her New Jersey high school classmates obtained and shared CSAM of Doe and other students using ClothOff. Compl. ¶ 10, ECF No. 1 (hereinafter "Compl."). By uploading a real image to ClothOff of Doe at the beach at age fourteen without her knowledge, her classmates depicted her fully nude with her breasts and pubic area exposed. *Id*. ¶ 40. The CSAM ClothOff produced and disclosed of Jane Doe and her minor classmates falsely conveys the impression that Doe and the other minor girls willingly posed nude for photographs in a sexually explicit manner. *Id*. ¶ 44.

At the time, Doe was just fifteen years old. *Id.* ¶ 34. Doe was mortified and emotionally distraught, and she has experienced lasting consequences ever since. *Id.* ¶¶ 10, 128–215. Because

2

there is no way to determine how far the images of her were distributed, Jane Doe now lives in constant fear that CSAM of her remains available on ClothOff and elsewhere. *Id*. ¶ 11. She is distressed that those images may be further distributed to others, and that her image has been and will continue to be used to help train ClothOff's AI system to better generate CSAM of other girls. *Id*.

To prevent what happened to her from happening to others, Doe filed this action on October 16, 2025. Compl. She aims to obtain a declaration that Defendants' operation of ClothOff violates federal and state law, enjoin the continued operation of ClothOff, enjoin Defendants from producing and disclosing CSAM and NCII, and recover damages from Defendants for the substantial harm their actions have caused and will continue to cause in the future. *Id*. ¶¶ 13, 128–215.

**B. ClothOff Learned of this Lawsuit No Later than October 22, 2025**

Defendant ClothOff learned of this lawsuit as soon as it was filed. On October 22, 2025, six days after Plaintiff filed this action, Fox News aired a segment covering the suit. Langford Decl. ¶ 2 & Ex. A. During the segment, Fox News displayed a statement it obtained from ClothOff in response to Doe filing this suit. *Id.* Reflecting its knowledge of the suit, ClothOff stated, "We've been accused of creating content that is technically impossible to produce on ClothOff." *Id.*[1]

---

[1] Plaintiff's counsel has repeatedly asked the producers of the Fox News show for information about how it contacted ClothOff and who provided the statement to Fox; Fox News has not shared that information. Langford Decl. ¶ 21. An interview *The Guardian* conducted with ClothOff prior to this suit underscores its early awareness of the widespread use of its services to produce CSAM, as well as its efforts to evade accountability. Black Box, *Episode 2: The Hunt for ClothOff, the Deepfake Porn App*, The Guardian (Aug. 27, 2024), https://www.theguardian.com/news/audio/2024/aug/27/black-box-episode-2-the-hunt-for-clothoff-the-deepfake-porn-app-podcast.

### C. Plaintiff's Efforts to Serve Defendants by Traditional Means Under the Hague Convention

Since filing this suit, Plaintiff's counsel has worked to serve Defendants by mail pursuant to Federal Rule of Civil Procedure 4(f)(1) and Articles 2 through 6 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (hereinafter, the "Hague Convention").

#### 1. Defendants Alaiksandr Babichau and Dasha Babicheva

On information and belief, ClothOff's owners Alaiksandr Babichau and Dasha Babicheva resided at I.K. Kabushkina Lane, Building 5, Apartment 42 in Minsk, Belarus' Zavodskoy District at the time the service attempt was made. *See* Langford Decl. ¶ 3 & Ex. B. Those addresses were provided to Plaintiff's counsel by a reporter for *The Guardian* who has investigated ClothOff. *Id.*

Pursuant to Articles 2 through 6 of the Hague Convention, once the Court issued summonses in this case, Plaintiff's counsel retained a translator to translate the as-filed Complaint, summonses, and motion for leave to proceed pseudonymously into Russian and mailed copies of each to the Central Authority of the Republic of Belarus via the British Royal Mail. Langford Decl. ¶ 4 & Ex. C.[2] The documents were delivered to the Minsk National Airmail Unit PI 2 in Belarus on January 9, 2026. Langford Decl. ¶ 5 & Ex. D.

On April 8, 2026, Plaintiff's counsel contacted the Belarus Central Authority directly and learned that the Central Authority has attempted service on Dasha Babicheva and Alaiksandr Babichau but that service was unsuccessful as to each; the Central Authority further advised that its records now reflect Babicheva is located in Poland. Langford Decl. ¶ 6. The Central Authority conveyed that it would send the appropriate certification to Plaintiff's counsel. *Id.* Plaintiff's

---

[2] Plaintiff's counsel learned that, because of the war in Ukraine, domestic carriers do not currently deliver to Belarus.

counsel have now received a certification dated March 11, 2026, confirming the information communicated in the above phone call. Langford Decl. ¶ 23 & Ex. U.

### 2. Defendant ClothOff

At the time Plaintiff's counsel drafted the Complaint in this action, ClothOff listed its corporate identity as "AI/Robotics Venture Strategy 3 Ltd." and its business address as 18 Pasea Estate Road, Road Town, Tortola, VG1110, British Virgin Islands ("BVI"). Langford Decl. ¶ 7 & Ex. F. That address, however, is the address for the BVI Financial Services Commission, with which corporate entities in the BVI must register. *See* Langford Decl. ¶ 8 & Ex. G. A search of registered BVI entities reveals that AI/Robotics Venture Strategy 3 Ltd. is registered in BVI. Langford Decl. ¶ 9 & Ex. H. Upon receiving the summonses in this case, Plaintiff's counsel paid the BVI Financial Services Commission to produce a formal search report, which disclosed that AI/Robotics Venture Strategy 3 Ltd.'s registered agent is "ATU GENERAL TRUST (BVI) LIMITED," located at 3076 Sir Francis Drake's Highway, P.O. Box 3463, Road Town, Tortola, Virgin Islands, British. Langford Decl. ¶ 9 & Ex. H. ATU General Trust (BVI) Limited's current registration reflects that its email address is atu@atubvi.com. *Id.* ¶ 22 & Ex. T.

Once Plaintiff obtained AI/Robotics Venture Strategy 3 Ltd.'s registered address, Plaintiff mailed, by certified mail, copies of the Complaint, summons, and motion for leave to proceed pseudonymously to the BVI Central Authority, listing ClothOff's registered agent's address. Langford Decl. ¶ 10 & Ex. I. The documents were delivered to the BVI Central Authority on March 10, 2026. Langford Decl. ¶ 11 & Ex. J. Plaintiff's counsel have now received a certification dated March 23, 2026, that the BVI Central Authority was unable to serve AI/Robotics Venture Strategy 3 Ltd. Langford Decl. ¶ 23 & Ex. V. The certification states that the company is not

registered in the BVI, notwithstanding the Financial Services Commission's website which continues to list the company as registered in BVI. Langford Decl. ¶¶ 8–9 & Exs. G–H.

At some point after this suit was filed, ClothOff ceased to list AI/Robotics Venture Strategy 3 Ltd. as its corporate identity, and 18 Pasea Estate Road, Road Town, Tortola, VG1110, British Virgin Islands, as its address. Langford Decl. ¶ 12 & Ex. K. Instead, ClothOff now lists "BESTDAILY INTERNATIONAL LIMITED, BVI." Langford Decl. *Id*. It appears to be an entirely fictitious entity, as Plaintiff's counsel have located no such entity registered in the British Virgin Islands or anywhere else. Langford Decl. ¶ 12.

### D. ClothOff Monitors and Responds to At Least Two Email Addresses

Over the last month, Plaintiff's counsel has confirmed that ClothOff actively monitors and responds to at least two email addresses. On ClothOff.net's "Contact Us" page, ClothOff currently lists three email addresses, one for support inquiries, another for partnership inquiries, and a third for legal inquiries. Langford Decl. ¶ 13 & Ex. L. That page provides as follows:



*Id.* In addition, on another page, ClothOff lists a fourth email address for press inquiries. Langford Decl. ¶ 14 & Ex. M. As described below, Plaintiff has confirmed that ClothOff actively monitors and responds to at least the support and press email addresses, "support@clothoff.net" and "press@clothoff.net."

### 1. Support Inquiries Email Address

ClothOff instructs users that, "If you want to contact us because you have a problem on the website, then use: support@clothoff.net." Langford Decl. ¶ 13 & Ex. L. On June 4, 2026, at 8:16 p.m. EDT, Plaintiff's counsel emailed that account, asking for confirmation that it is the correct email address for questions about the ClothOff website, requesting both read and delivery receipts. *Id.* ¶ 15 & Ex. N. The email was delivered the same day, and at 3:50 a.m. EDT, Plaintiff's counsel received a response from "James," a "support operator," reading, "Hello! How can i help you? Please describe your problem in more details." *Id.* ¶¶ 15 –16 & Exs. N – O.

### 2. Cooperation Inquiries Email Address

ClothOff instructs users that, "If you want to contact us to offer a partnership, then use: cooperation@clothoff.net." Langford Decl. ¶ 13 & Ex. L. On June 23, 2026, Plaintiff's counsel emailed that account, asking for confirmation that it is the correct email address for questions about cooperation with ClothOff. *Id.* ¶ 19 & Ex. R. The email was delivered the same day, but, as of the date of this filing, Plaintiff's counsel has received no response to this inquiry. *Id.*

### 3. Legal Inquiries Email Address

ClothOff instructs users that, "If you have any legal questions or inquiries, please contact us at: legal@clothoff.net." Langford Decl. ¶ 13 & Ex. L. On June 23, 2026, Plaintiff's counsel emailed that account, asking for confirmation that it is the correct email address for legal questions about ClothOff, requesting read and delivery receipts. *Id.* ¶ 20 & Ex. S. The email was delivered the same day, but, as of the date of this filing, Plaintiff's counsel has received no response to this inquiry. *Id.*

### 4. Press Inquiries Email Address

ClothOff maintains a separate page for press inquiries. Langford Decl. ¶ 14 & Ex. M.

That page provides as follows:



*Id.* On June 26, 2026, Plaintiff's counsel emailed that account, asking whether it is the correct email address for press inquiries about ClothOff, requesting read and delivery receipts. *Id.* ¶ 17 & Ex. P. The email was delivered the same day, and on June 30, 2026, the undersigned received a response from "ClothOff Press" reading "Good afternoon! Thank you for your email. Yes, that's correct." *Id.* ¶¶ 17–18 & Exs. P – Q.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) governs service of process for defendants in foreign countries. It sets forth three methods for accomplishing service: (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents"; (2) in the absence of limitations under an international agreement, as a foreign country's law prescribes or permits or

as directed by a foreign authority; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f); *Doe v. Hyassat*, 342 F.R.D. 53, 58 (S.D.N.Y. 2022); *see also RJ Brands, LLC v. Hangdong Trading Ltd.*, No. 21-4747, 2021 WL 3206813, at \*2 (D.N.J. July 28, 2021) (quoting *Celgene Corp. v. Blanche Ltd.*, No. 16-00501, 2017 WL 1282200, at \*2 (D.N.J. Mar. 10, 2017)).

## ARGUMENT

**I.      The Court Can and Should Permit Plaintiff to Serve Defendant ClothOff Via Email Under Federal Rule of Civil Procedure 4(f)(1), Should the Hague Convention Apply**

Assuming that AI/Robotics Venture Strategy 3 Ltd. is in fact the corporate identity of ClothOff, the Court can and should permit Plaintiff to serve ClothOff via email directly under the Hague Convention.

Although the text of Federal Rule of Civil Procedure 4(f) suggests that a plaintiff may use any of the three methods listed to serve a foreign defendant, the Supreme Court has held that compliance with the Hague Convention is mandatory whenever it applies. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988); *see also* Fed. R. Civ. P. 4(f) Advisory Committee Notes. The Convention applies when the forum and destination states are signatories and the physical address of a foreign defendant is known. Hague Convention art. 1; *e.g.*, *Celgene*, 2017 WL 1282200, at \*3.

Here, if AI/Robotics Venture Strategy 3 Ltd. is the corporate entity operating ClothOff, the Hague Convention applies to Defendant ClothOff. As described above, ClothOff previously listed its corporate identity as AI/Robotics Venture Strategy 3 Ltd., a real entity incorporated in the BVI and the address of which is known to Plaintiff. *See supra* at pp. 5–6. Both the United States and the BVI, through the United Kingdom, are signatories to the Hague Convention for purposes of service of process. Hague Conference on Private International Law [hereinafter "HCCH"],

9

*Declaration/Reservation/Notification: United Kingdom*, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/statustable/notifications/?csid=427&disp=resd n (last visited July 6, 2026) [hereinafter *U.K. Hague Service Declarations*]; HCCH, *Declaration/Reservation/Notification: United States*, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=428&disp=resdn (last visited July 6, 2026) [hereinafter *U.S. Hague Service Declarations*]; s*ee also EOI Corp. v. Med. Mktg. Ltd.*, 172 F.R.D. 133, 135 (D.N.J. 1997). If AI/Robotics Venture Strategy 3 Ltd. is ClothOff, the Hague Convention applies.

Assuming the Hague Convention applies, the Court may permit Plaintiff to serve ClothOff by email under Article 10(a). The Hague Convention delineates several approved service methods. Articles 2 through 6, for example, permit service by mail via a state's designated Central Authority—i.e., the method of service Plaintiff has already attempted to utilize for all Defendants. *See* Hague Convention, arts. 2–6; *see supra* at pp. 4–6. But the Hague Convention also provides other mechanisms for serving a defendant. Key here, Article 10(a) of the Hague Convention permits service through "postal channels," so long as the relevant states have not objected to Article 10(a). Hague Convention art. 10; *see Hayward Indus., Inc. v. CompuPool Prods.*, No. 22-7330, 2023 WL 3736216, at *6 (D.N.J. May 31, 2023).

Prior to 2024, federal courts divided over whether email is a "postal channel" under the Hague Convention;[3] in 2024, however, the Special Commission on the practical operation of the

---

[3] *See Vaswani, Inc. v. Manjunathamurthy*, No. 20-20288, 2021 WL 1541071, at *4 (D.N.J. Apr. 19, 2021); *Genus Lifesciences Inc. v. Tapaysa Eng'g Works Pvt. Ltd.*, No. 20-3865, 2021 WL 915662, at *3 (E.D. Pa. Mar. 10, 2021) (collected sources). Some federal courts concluded that

Convention[4] clarified that email is an authorized "postal channel," so long as service is permitted via email under the law of the origin and destination states. HCCH, *Conclusions & Recommendations of the Special Commission on the Practical Operation of the 1965 Service, 1970 Evidence and 1980 Access to Justice Conventions* ¶ 105 (July 2–5, 2024), https://assets.hcch.net/docs/6aef5b3a-a02c-408f-8277-8c995d56f255.pdf. This Court does not appear to have addressed the issue since 2024, but other district courts have rightly concluded that in light of the Special Commission's clarification, "the Hague Convention is best read as not barring sending of service documents directly to persons abroad via e-mail if permitted under the laws of the states of origin and destination, unless the state of destination objects." *Dongguan Naquan E-Com. Co. v. Binovo Mfg. Co.*, 350 F.R.D. 648, 654 (W.D. Wash. 2025); *see also Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 25-13065, 2026 WL 1802901, at *2 n.5 (N.D. Ill. June 23, 2026) (finding that "the tenability of the contention that 'postal channels' does not include email has eroded" since the 2024 Special Commission findings); *Elobied v. Baylock*, 299 F.R.D. 105, 108 (E.D. Pa. 2014) (finding 10(a) objections covered service by email prior to the 2024 findings*); Luxottica Grp. S.p.A. v. P'ships*

---

email is not a "postal channel" within the meaning of Article 10(a). *Vaswani, Inc.*, 2021 WL 1541071, at *4; *Genus Lifesciences Inc.*, 2021 WL 915662, at *9–10, while others concluded that email is a "postal channel" under Article 10(a). *See W.J. Deutsch & Sons Ltd. v. Zamor*a, No. 21-11003, 2023 WL 5609205, at *7 (S.D.N.Y. Aug. 30, 2023); *Agha v. Jacobs*, No. 07-1800, 2008 WL 2051061, at *2 (N.D. Cal. May 13, 2008).

[4] While it appears that neither this Court nor the Third Circuit have addressed the issue since the 2024 Special Commission's Conclusions & Recommendations issued, the Commission's conclusions are typically treated as persuasive authority about the appropriate construction of the Hague Convention, in general, and Article 10, in particular. *See, e.g.*, *Water Splash, Inc. v. Menon*, 581 U.S. 271, 283 (2017) (looking to the SC's Conclusions and Recommendations to interpret Article 10's scope); *Sec. & Exch. Comm'n v. Lahr*, No. 22-2497, 2024 WL 3518309, at *3 n.12 (3d Cir. July 24, 2024).

*and Unincorporated Ass'ns Identified on Schedule "A"*, 391 F. Supp. 3d 816, 827 (N.D. Ill. 2019) (same).

Here, service by email is appropriate under Article 10(a). Neither the United States nor the United Kingdom, whose declarations govern the BVI through extension, have objected to Article 10(a) of the Hague Convention. *U.K. Hague Service Declarations, supra*; *U.S. Hague Service Declarations, supra*; s*ee also EOI Corp.*, 172 F.R.D., at 136 (explaining that the United States did not object to Article 10 at all and that the United Kingdom only objected to Article 10(b) and (c)). Nor has the United Kingdom raised a territory-specific reservation to Article 10(a) for the British Virgin Islands. *See Richardson v. Att'y Gen. of the Brit. Virgin Islands*, No. 08-144, 2010 WL 2949438, at *1 (D.V.I. July 23, 2010). Accordingly, serving ClothOff via email comports with Article 10(a) of the Hague Convention and Federal Rule of Civil Procedure 4(f)(1).

## II. If the Hague Convention Does Not Apply, the Court Can and Should Permit Plaintiff to Serve ClothOff via Email Pursuant to Fed. Rule of Civil Procedure 4(f)(3)

There remains a question as to whether AI/Robotics Venture Strategy 3 Ltd. is in fact the corporate entity that runs ClothOff. ClothOff no longer lists the company on its website and, since Plaintiff filed this suit, has altered its website to list a different corporate entity that appears to be entirely fictious. *See supra* at p. 2. If AI/Robotics Venture Strategy 3 Ltd. is not ClothOff, then Plaintiff does not know the physical address of ClothOff and the Hague Convention does not apply. Hague Convention, art. 1; *Braverman Kaskey, P.C. v. Toidze*, 599 F. App'x 448, 452 (3d Cir. 2015) ("When a defendant's address is unknown, as is the case here, the Hague Convention shall not apply.") (internal quotation marks omitted).

If the Hague Convention does not apply, the Court may nevertheless authorize service on ClothOff via email under Federal Rule of Civil Procedure 4(f)(3). Under Rule 4(f)(3), courts in this District apply a three-factor test to determine whether service by alternative means is

12

appropriate, considering whether: "(a) there is no international agreement prohibiting service by the proposed method; (b) the proposed method of service is reasonably calculated to provide the defendant notice; and (c) plaintiffs have made a good faith effort to locate and serve defendants by traditional means." *RJ Brands*, 2021 WL 3206813, at *2 (cleaned up) (quoting *Vaswani, Inc. v. Manjunathamurthy*, No. 20-20288, 2021 WL 1541071, at *1 (D.N.J. Apr. 19, 2021)). Here, if AI/Robotics Venture Strategy 3 Ltd. is not ClothOff, all three factors cut in favor of permitting Plaintiff to serve ClothOff via email.

### A.  No International Agreement Prohibits Service Via Email

If AI/Robotics Venture Strategy 3 Ltd. is not ClothOff, no international agreement prohibits service via email. The only international agreement that might, in other circumstances, prohibit service via email is the Hague Convention. But, if AI/Robotics Venture Strategy 3 Ltd. is not ClothOff, the Hague Convention does not apply. *See supra*.[5]

### B.  Defendant ClothOff Is Already on Notice of this Suit, and Service Via Email Is Reasonably Calculated to Provide ClothOff Still Further Notice

Email service is also reasonably calculated to provide notice. The second factor is intended to ensure that the means of alternative service comports with constitutional due process. *U.S. Sec. & Exch. Comm'n v. Vuuzle Media Corp.*, No. 21-1226, 2021 WL 1731947, at *1 (D.N.J. May 3, 2021). Accordingly, the method of "notice must be reasonably calculated to . . . apprise interested

---

[5] Not only does no international agreement prohibit service via email—applicable domestic law in the BVI permits service to limited companies via email. Service under BVI law is governed by the Civil Procedure Rules for the Eastern Caribbean Supreme Court. *See Dolce Vita Fine Dining Co. Ltd. v. Zhang Lan*, No. 19-00536, 2020 WL 7321366, at *5 & n.7 (S.D.N.Y. Dec. 11, 2020). Those rules provided that "[s]ervice on a limited company may be effected . . . by sending the claim form by courier, prepaid post or authorised electronic means," and provides that one method of authorized electronic means is email to a limited company's registered agent. *See* Rule 5.7 of the Civil Procedure Rules  of  the Eastern Caribbean Supreme Court;  Rule  5.12  of  the Civil Procedure Rules of the Eastern Caribbean Supreme Court.

parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Vuuzle Media Corp.*, 2021 WL 1731947, at *3. Courts in this District "have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Grange Ins. Co. v. Hankin*, No. 21-11928, 2022 WL 855694, at *4 (D.N.J. Mar. 23, 2022) (quoting *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)), *aff'd Menon v. Corbett*, No. 21-8384, 2023 WL 4946972, at *3 (D.N.J. Aug. 3, 2023). Particularly in cases involving defendants located abroad, courts in this District now regularly authorize service by email. *E.g.*, *Karcz v. El Mezouak*, No. 26-1470, 2026 WL 496476, at *4 (D.N.J. Feb. 23, 2026); *Celgene*, 2017 WL 1282200, at *2-3; *U.S. Sec. & Exch. Comm'n v. Secure Cap. Funding Corp.*, No. CV 11-0916 (AET), 2011 WL 13143141, at *3 (D.N.J. Aug. 3, 2011).

For example, in *Vuuzle Media*, the district court authorized the plaintiff to serve a UAE-and-Philippines-based defendant via email. 2021 WL 1731947, at *3. The Court explained, "where defendants conducted business such that customers could contact them by email, '[s]erving Defendants by e-mail not only meets constitutional standards, but also is the method of service most likely to reach Defendants.'" *Id.* (quoting *Chanel, Inc. v. Xu*, No. 09-cv-2610, 2010 WL 396357, at *10 (W.D. Tenn. Jan. 27, 2010)). In contrast, in *Sec. & Exch. Comm'n v. Dubovoy*, the court held that email service was not likely to provide foreign defendants notice where there was no evidence that the defendants had used the proposed email addresses in the prior six to seven years; that was especially problematic, given that the plaintiff had not even attempted to contact the defendants using those email addresses to determine whether the addresses were even still

14

active, let alone whether the defendants continued to monitor them. No. 156076, 2019 WL 13039934, at *6 (D.N.J. Apr. 29, 2019).

Here, serving ClothOff by email not only comports with due process, but is by far the most likely avenue of reaching it. Within the last month, Plaintiff has confirmed that ClothOff monitors and responds to at least two of the four email addresses it lists on its website. *See supra* at pp. 6–9. Moreover, ClothOff is plainly already aware of this litigation. Its statement to Fox News directly acknowledged the allegations in this suit and was provided to Fox News in response to its inquiry about this suit. *See supra* at p. 4. ClothOff is on notice of this litigation; all that remains is to formally deliver it the pleadings and summons.

## C. Plaintiff Has Made Diligent Good Faith Attempts to Effectuate Traditional Service

Finally, Plaintiff has made diligent good faith attempts to effectuate traditional service. A plaintiff satisfies this criteria when they try and fail to accomplish service via a country's Central Authority under the Hague Convention, *see Vanderhoef v. China Auto Logistics Inc.*, No. 218-10174, 2019 WL 6337908, at *3 (D.N.J. Nov. 26, 2019), or when they otherwise attempt service at the only discoverable address following investigation, *see Celgene,* 2017 WL 1282200, at *2. The risk of delaying litigation counsels against requiring a plaintiff to repeatedly attempt to effectuate service via a country's Central Authority. *Vanderhoef*, 2019 WL 6337908, at *3 ("Of primary concern is unnecessarily delaying the litigation. . . [T]his Court finds that attempting to locate the Defendants' current addresses and serve them under the Hague would unnecessarily delay this litigation.").

Here, Plaintiff has made good faith efforts to serve ClothOff by traditional means to no avail. In attempt to comply with traditional methods, Plaintiff mailed service documents for ClothOff to the BVI's Central Authority, as well as to the Belarus' Central Authority for

15

Defendants Alaiksandr Babichau and Dasha Babicheva, relying on diligent investigation by *The Guardian* to obtain the latter addresses. Langford Decl. ¶¶ 3–4, 10–11 & Exs. B–C, I–J. Meanwhile, while Plaintiff has diligently moved to effect traditional service, Defendants have taken significant steps to conceal their identities and valid addresses. Most recently, ClothOff changed its listed corporate entity to what appears an entirely fictious entity. *See supra* at p. 2.

* * *

Even had Plaintiff not already spent months attempting to serve ClothOff by traditional means, service by email would be appropriate in this case. Courts have routinely held that the length of time it takes to serve a defendant under the Hague Convention's traditional Central Authority method, is grounds alone to authorize alternative service. *GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (collecting cases). Every day ClothOff remains available is another day more targets fall victim to nonconsensual CSAM and NCII. Every additional day also presents a further opportunity for ClothOff to continue to train its predatory technology on non-consensually generated images of Doe and other victims, strengthening and proliferating its illegal services to profit further at the expense of the safety and security of children all over the world. Left unchecked, Defendants will continue to profit from their criminal exploitation of minors and countless other targets, who ClothOff strips nude for the sexual stimulation and gratification of others. Permitting Plaintiff to serve ClothOff by email will put a stop to its gamesmanship and allow Plaintiff to move this litigation forward.

**CONCLUSION**

For the reasons above, Plaintiff respectfully requests that the Court enter an order permitting Plaintiff to serve Defendant ClothOff by sending copies of the Complaint and

16

summons, by email to all four of the email addresses listed on ClothOff's website, as well as by

email to the registered agent for AI/Robotics Venture Strategy 3 Ltd.

Dated: July 9, 2026

Respectfully submitted,

/s/ *John Langford*
Hawthorne Ripley, *Law Student Intern*
John Langford*
MEDIA FREEDOM & INFORMATION
    ACCESS CLINIC
YALE LAW SCHOOL
127 Wall Street
New Haven, CT 06511
(203) 432-2366
john.langford@ylsclinics.org

/s/ *John Gulyas*
Jon-Henry Barr, Esq.
(Atty. ID #001561996)
jhbarr@barrgulyas.com
John Gulyas (Atty ID # 023281999)
jgulyas@barrgulyas.com
BARR & GULYAS LLC
21 Brant Avenue
Clark, New Jersey 07066
(732) 340-0600

/s/ *Shane B. Vogt*
Shane B. Vogt – FBN 257620*
*Pro Hac Vice*
shane@svogtlaw.com
VOGT LAW
625 E. Twiggs St., Suite 1090
Tampa, Florida 33602
(813) 737-0717

*Counsel for Plaintiff*
*Pro hac vice* application pending